ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
A. Mitchell Greene
Steven B. Eichel
*Proposed Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

In re:                                                                 Chapter 11

**ARTISANAL 2015, LLC,**                              Case No: 17-12319-jlg

                          Debtor.
-----------------------------------------------------------X

**DEBTOR'S MOTION OBJECTING**
**TO AC PENGUIN PRESTIGE CORP.'S MECHANIC'S LIEN**

TO THE HONORABLE JAMES L. GARRITY,
UNITED STATES BANKRUPTCY JUDGE:

The debtor and debtor in possession, Artisanal 2015, LLC (the "Debtor" or "Artisanal"), by its proposed attorneys, Robinson Brog Leinwand Greene Genovese & Gluck P.C., files this motion (the "Motion") objecting to the mechanic's lien filed by AC Penguin Prestige Corp. ("Penguin") and having it disallowed and expunged. In support of the Motion, the Debtor respectfully represents and alleges as follows:

**Jurisdiction**

1. Jurisdiction over this Motion is vested in the United States District Court for this District pursuant to 28 U.S.C. §§157 and 1334. The Motion has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the Standing Order of Reference Regarding Title 11 (S.D.N.Y. Feb 1, 2012) (Preska C.J.).

2. This is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicates for the relief sought are sections 105 and 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

3. Venue is proper in this District pursuant to 28 U.S.C §§1408 and 1409.

**Background**

4. On August 21, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy. On September 5, 2017, the Debtor filed its schedules of assets and liabilities, statement of financial affairs, list of equity security holders, and list of creditors as required pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Bankruptcy Rules.

5. The Debtor is the lessee of a lease dated October 5, 2015 (the "Lease") with 387 Park South L.L.C. ("387 Park") for premises located at 387 Park Avenue South, New York, New York (the "Premises").

6. Pursuant to section 5.4 of the Lease, if a mechanic's lien is filed against 387 Park, "[the Debtor] shall . . . have such lien . . . removed by bonding, payment or otherwise within thirty days after [the Debtor] receives notice of the filing [of a mechanic's lien]." A copy of the Lease is attached to the Declaration of Sarid Drory as **Exhibit A**.

7. On September 13, 2017, the Debtor received a copy of a Mechanic's Lien dated and filed on September 11, 2017 (the "Sept. 11 Mechanic's Lien") in the County of New York against the Premises. A copy of the Sept. 11 Mechanic's Lien is attached to the Declaration of Sarid Drory as **Exhibit B**. The Sept. 11 Mechanic's Lien was for services and materials

purportedly provided to 2015 Artisanal LLC[1] in building out an HVAC system for the Debtor's leased Premises.

8. The Sept. 11 Mechanic's Lien claims that Penguin provided services in the amount of $220,500 for installing an HVAC system on the Premises, starting May 4, 2017 and ending July 21, 2017, on behalf of the Debtor. Penguin previously filed a mechanic's lien against the Premises on May 10, 2017 (the "May 10 Mechanic's Lien").[2] A copy of the May 10 Mechanic's Lien is attached to the Declaration of Sarid Drory as **Exhibit C**. The May 10 Mechanic's Lien asserted that Debtor owed Penguin $104,520 on account of services performed from May 4, 2017 through May 9, 2017. Upon receipt of the May 10 Mechanic's Lien, Artisanal moved by order to show cause to discharge the May 10 Mechanic's Lien. In Artisanal's Application to Discharge the May 10 Mechanic's Lien (the "Discharge Application"), Artisanal asserted that the May 10 Mechanic's Lien should be discharged because, among other things:

- Debtor affirmatively told Penguin that Penguin was not going to be hired by Debtor;
- No final designs, engineering specifications or drawings for the HVAC system were every prepared by Penguin;
- Debtor never signed a contract with Penguin;
- Debtor never ordered anything from Penguin to be manufactured;
- Debtor never agreed on a price for any labor to be performed or materials to be supplied;
- Debtor never approved of Penguin to perform any work;

---

[1] The Debtor submits that Penguin erroneously asserted the Sept. 11 Mechanic's Lien against 2015 Artisanal LLC. Rather the Sept. 11 Mechanic's Lien should be against the Debtor as the lessee of the Lease. Additionally, the failure to properly file the Sept. 11 Mechanic's Lien against the property entity also makes the Sept. 11 Mechanic's Lien facially defective.
[2] The May 10 Mechanic's Lien also asserts 2015 Artisanal LLC as the employer.

- Penguin never installed an HVAC system on the Premises;
- Penguin never demanded payment from Debtor;
- Building permits and insurance were never provided by Penguin to 387 Park; and
- Ultimately, Penguin did not do any work on behalf of Debtor.

A copy of the Discharge Application is attached to the Declaration of Sarid Drory as **Exhibit D**.

9. Despite the Debtor's assertions that Penguin does not have any claim, let alone a claim that would give rise to mechanic's lien, Artisanal opted to pay Penguin $10,000 to have the May 10 Mechanic's Lien removed in order to avoid a default under section 5.4 of the Lease. The May 10 Mechanic's Lien was released and discharged without satisfaction and with leave to renew. A copy of the Stipulation of Settlement is attached to the Declaration of Sarid Drory as **Exhibit E**.

10. On September 11, 2017, Penguin filed the Sept. 11 Mechanic's Lien in the amount of $220,500 for work performed May 4, 2017 and ending July 21, 2017. Essentially, this is the same as the May 10 Mechanic's lien, except, Penguin is alleging they performed additional services and materials from May 9, 2017 through July 21, 2017 at a cost of an additional $116,000. For the same reasons set forth in the Discharge Application and herein, the Debtor submits that Penguin again provided no services that warrant a claim against the Debtor, let alone one that would give rise to a mechanic's lien.

11. The timing of the Sept. 11 Mechanic's Lien is also suspect. While the May 10 Mechanic's Lien was withdrawn on June 26, 2017, Penguin re-filed the Sept. 11 Mechanic's Lien on September 11, only 21 days after the Petition Date and 11 days after the filing of 387 Park's Motion to Dismiss, in an amount that is double the previous mechanic's lien. There is an

issue as to whether the Sept. 11 Mechanic's Lien was filed for the sole purpose of causing a postpetition default of the Lease to aid 387 Park in dismissing the Debtor's chapter 11 case.

**Relief Requested**

12. By this Motion, the Debtor seeks to disallow and expunge the Sept. 11 Mechanic's Lien.

**Basis for Relief**

13. A filed proof of claim is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The Debtor has yet to establish a claims bar date in this early stage of its chapter 11 case. However, the Debtor submits that the Sept. 11 Mechanic's Lien essentially functions as an informal proof of claim. If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *3 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14. A proof of claim must "set forth the facts necessary to support the claim" for it to receive the prima facie validity accorded under the Bankruptcy Rules. *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (internal quotation omitted). Section 502(b)(1) of the Bankruptcy Code further provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law." 11 U.S.C. §502(b)(1).

15. The Debtor has reviewed the Sept. 11 Mechanic's Lien and determined that based on a review of the Debtor's books and records, the Debtor bears no liability to Penguin. Additionally, the Debtor has served a Demand Pursuant to Section 38 of the Lien Law (the

"Section 38 Demand") to Penguin demanding a verified statement setting forth the items of labor and/or material and the value thereof which makes up the amount asserted in the Sept. 11 Mechanic's Lien. A copy of the Section 38 Demand is attached to the Declaration of Sarid Drory as **Exhibit F**.

**Reservation of Rights**

16. The Debtor reserves all rights to bring additional claims against Penguin.

17. For the reasons stated herein, the Sept. 10 Mechanic's lien should be disallowed and expunged in its entirety.

**WHEREFORE**, the Debtor respectfully requests that the Court disallow and expunge the Sept. 10 Mechanic's Lien for the reasons set forth herein and grant such other relief as this Court finds appropriate.

Dated: New York, New York
September 26, 2017

                                               ROBINSON BROG LEINWAND GREENE
                                                 GENOVESE & GLUCK P.C.
                                              Proposed Attorneys for Debtor
                                              875 Third Avenue
                                              New York, New York 10022
                                              Tel. No.: 212-603-6300

                                              By:    /s/ A. Mitchell Greene
                                                           A. Mitchell Greene